IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MAIN HASTINGS LLC | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | No. 4:10-cv-610 |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| BRUNSWICK CORPORATION; | § | |
| MARINEMAX INC.; | § | |
| LANDMARK MEDIA | § | |
| ENTERPRISES LLC; AND | § | |
| IBOATS INC. | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## COMPLAINT FOR FALSE PATENT MARKING

MAIN HASTINGS LLC, ("Plaintiff") brings this action for false patent marking against BRUNSWICK CORPORATION, MARINEMAX INC., LANDMARK MEDIA ENTERPRISES LLC, AND IBOATS INC. (collectively, "Defendants") as follows:

This is an action under Title 35, Section 292 of the United States Code for false patent marking.

### I.    THE PARTIES

1.    Plaintiff MAIN HASTINGS LLC, ("MAIN") is a limited liability company duly organized in Texas.

2.    Upon information and belief, BRUNSWICK CORPORATION (D/B/A HARRIS FLOTEBOTE) ("BRUNSWICK") is, and at all relevant times mentioned herein was, a corporation organized under the laws of Delaware, having a correspondence address at, 1 North Field Court, Lake Forest, IL 60045.

3.      Upon information and belief, MARINEMAX INC., ("MARINEMAX"), is, and at all relevant times mentioned herein was, a corporation organized under the laws of Delaware, having a correspondence address at, 18167 US Highway 19 North, Suite 300, Clearwater, FL 33764.

4.      Upon information and belief, LANDMARK MEDIA ENTERPRISES LLC, (D/B/A DOMINION ENTERPRISES, BOATS.COM, and BOATTRADER.COM) ("LANDMARK"), is, and at all relevant times mentioned herein was, a corporation organized under the laws of Virginia, having a correspondence address at, 150 Granby Street, Norfolk, VA 23510.

5.      Upon information and belief, IBOATS INC. ("IBOATS"), is, and at all relevant times mentioned herein was, a corporation organized under the laws of Utah, having a correspondence address at, 170 West Election Road, Suite 100, Sandy, UT 84020.

## II.      JURISDICTION AND VENUE

6.      This is an action for false patent marking arising under the patent laws of the United States, Title 35, United States Code, specifically, under Title 35, Section 292 of the United States Code.  The Court's jurisdiction is proper under the above statutes, and 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over the Defendants. The Defendants have conducted and do conduct business within the State of Texas. The Defendants, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and sells its products in the United States, the State of Texas, and the Eastern District of Texas. The Defendants have purposefully and voluntarily placed one or more of its falsely marked products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These falsely marked products have been and continued to be advertised and offered for sale in the Eastern District of Texas. Each Defendant has committed the offense of false marking within the State of Texas and, more particularly, within the Eastern District of Texas.

8.      Venue is proper in this Court under 28 U.S.C. §§ 1391(c), and 28 U.S.C. § 1395(a) because, at least in part, Defendants' products, the subject matter of this cause of

action, have in the past been advertised and sold in this District, and are presently advertised, offered for sale, and sold in this District.

### III.    DEFENDANTS' FALSELY MARKED PRODUCTS

9.    Defendant BRUNSWICK has in the past marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) and/or advertises (or causes to be advertised) portions of at least its "Sunliner", "Grand Mariner", "Fisherman", "Crown" and "Royal Heritage" boating vessels of its "Harris Flotebote" brand with the numbers of expired U.S. patents 6,234,098, 6,302,042, 6,443,088 and 6,588,361, importing the same are patented, with intent to deceive the public.  (Please see Exhibit A).

10.    Defendant MARINEMAX has in the past marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) and/or advertises (or causes to be advertised) portions of at least the "Sunliner", "Grand Mariner", and "Crown" boating vessels with the expired U.S. patent 6,443,088, importing the same are patented, with intent of deceive the public.  (Please see Exhibit B).

11.    Defendant LANDMARK has in the past marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) and/or advertises (or causes to be advertised) portions of at least the "Sunliner", "Grand Mariner", and "Crown" boating vessels with the expired U.S. patent 6,443,088, importing the same are patented, with intent to deceive the public.  (Please see Exhibit C).

12.    Defendant IBOATS has in the past marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) and/or advertises (or causes to be advertised) portions of at least the "Sunliner", "Royal Heritage" and "Crown" boating vessels with one or more of expired U.S. patents, 6,234,098, 6,443,088 and 6,588,361, importing the same are patented, with intent to deceive the public. (Please see Exhibit D).

13.    Upon information and belief, the Defendants have demonstrated a pattern of repeated false marking offenses, which will be further evidenced in these proceedings.

## IV.      CAUSE OF ACTION FOR FALSE PATENT MARKING

14.      Plaintiff incorporates by reference, repeats, and re-alleges the content of the above paragraphs as though fully set forth herein.

15.      All monopoly rights in a patent terminate completely and irrevocable upon expiration of the patent.

16.      Upon information and belief, Defendant BRUNSWICK has many years of experience in applying for, acquiring, and maintaining patents.

17.      Upon information and belief, the Defendants have many years of experience marking and/or advertising goods sold and offered for sale with pertinent, or potentially pertinent, patent numbers and other indicia of intellectual property rights.

18.      Upon information and belief, the Defendants know, or reasonably should know (themselves or by their representatives), actually or constructively, that patents do not have indefinite duration and that they expire.

19.      Upon information and belief, the Defendants know, or reasonably should know (themselves or by their representatives), actually or constructively, that United States Patent Number 6,234,098 has expired on May 22, 2009 by reason of failure to pay maintenance fees. (Exhibit E).

20.      Upon information and belief, the Defendants know, or reasonably should know (themselves or by their representatives), actually or constructively, that United States Patent Number 6,302,042 has expired on October 16, 2009 by reason of failure to pay maintenance fees. (Exhibit F).

21.      Upon information and belief, the Defendants know, or reasonably should know (themselves or by their representatives), actually or constructively, that United States Patent Number 6,443,088 has expired on September 5, 2006 by reason of failure to pay maintenance fees. (Exhibit G).

22.      Upon information and belief, the Defendants know, or reasonably should know (themselves or by their representatives), actually or constructively, that United States Patent Number 6,588,361 has expired on July 8, 2007 by reason of failure to pay maintenance fees. (Exhibit H).

23.      The Defendants, collectively or individually, have marked and/or advertised (or caused to be marked and/or advertised) and upon information and belief

presently mark and/or advertised (or cause to be marked and/or advertised) articles offered for sale with one or more of the numbers of expired patents 6,234,098, 6,302,042, 6,443,088 and 6,588,361.

24.     Because all monopoly and exclusionary rights in the expired patents 6,234,098, 6,302,042, 6,443,088 and 6,588,361 have permanently and irretrievably terminated, the Defendants cannot have any reasonable belief that articles marked and/or advertised as protected by said patents after expiration of the patents have been or are entitled to any protection accorded by United States patent laws.

25.     For the reasons set forth herein, and/or for other reasons which will be further evidenced in these proceedings, the Defendants have, upon information and belief, falsely marked and/or advertised unpatented articles as patented, with the intent to deceive one or more of, the public, competitors, potential competitors, purchasers, and potential purchasers, in violation of 35 U.S.C. § 292.

26.     As a direct and proximate result of Defendants' acts of false patent marking, Plaintiff has been and continues to be injured and has sustained actual and statutory damages.

27.     As a direct and proximate result of Defendants' acts of false patent marking, the interests of the United States have been and continue to be injured and such interests have sustained and will continue to sustain actual and statutory damages.

28.     Unless Defendants cease their false marking of goods, the United States will continue to suffer additional irreparable harm and impairment of its interests in furthering technological progress in the useful arts.

29.     The Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The Court has the discretion to award the Plaintiff, and the Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

30.     For the reasons set forth herein, and/or for additional or alternative reasons which shall be evidenced through these proceedings, each instance of marking and/or advertising (or causing to be advertised and/or marked) a product with the number of an expired patent by the Defendants (directly or on the packaging or published

advertisement thereof) constitutes an "offense" for the purposes and remedies of 35 U.S.C. § 292(a).

31.     Plaintiff demands a trial by jury for all issues so triable.

## V.     PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A.     A judgment that the Defendants have violated the provisions of 35 U.S.C. §292, as alleged herein;

B.     A judgment and order requiring the Defendants to pay to the Plaintiff, and to the United States Treasury, to share equally pursuant to statue, a civil monetary fine of FIVE HUNDRED DOLLARS ($500) per false marking offense.

C.     A judgment and order requiring the Defendants to pay to the Plaintiff, and to the United States Treasury, to share equally pursuant to statue, a civil monetary fine of FIVE HUNDRED DOLLARS ($500) per false advertising offense.

D.     A judgment and order requiring the Defendants to pay Plaintiff, and the United States, pre-judgment and post-judgment interest on the damages awarded;

E.     A judgment and order finding this to be a case in which the equities and circumstances require the Defendant to pay, in addition to the civil monetary fine shared equally between the Plaintiff and the United States, the costs of this action (including all disbursements) and attorneys' fees incurred by the Plaintiff.

F.     A judgment and order that each Defendant, its agents employees, representatives, successors, and assigns, and those acting in privity or in concert with them, be permanently enjoined from further false marking as evidenced herein; and

G.     Such other and further relief as the Court deems just and equitable.

Dated: November 8, 2010

Respectfully submitted,

By: s/Michael T. Konczal
    MICHAEL T. KONCZAL
    Texas State Bar No. 24067958

    KONCZAL LAW FIRM PLLC
    P.O. Box 863656
    Plano, Texas 75093

    214-228-3641

    mike@patentmike.com

    Attorney for Plaintiff
    MAIN HASTINGS LLC